Approved, SCAO

| | Original - Court | 1st copy - Defendant | 2nd copy - Plaintiff | 3rd copy - Return |

**STATE OF MICHIGAN**
48th **JUDICIAL DISTRICT**
**JUDICIAL CIRCUIT**
Allegan **COUNTY**

**SUMMONS**

**CASE NO.**

23-_____-CZ

**#-23 67519**

Court telephone no.

**Court address**
113 Chestnut Street, Allegan, MI 49010

ROBERTS KENGIS   P-47062

269.673.0300

**Plaintiff's name, address, and telephone no.**
GRI-MOLINE, LLC

v

**Defendant's name, address, and telephone no.**
LEIGHTON TOWNSHIP
4451 - 12ᵀᴴ Street, Suite A
Wayland, MI 49348

c/o   Steve Wolbrink, Supervisor; or
Rachel Fennema, Township Clerk

**Plaintiff's attorney, bar no., address, and telephone no.**
Emily Palacios (P64941)
James A. Buster (P81186)
MILLER JOHNSON
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI 49503           616.831.1700
palaciose@millerjohnson.com
busterj@millerjohnson.com

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in   ☐ this court,   ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action   ☐ remains   ☐ is no longer   pending.

Summons section completed by court clerk.       **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 7 3 23 | Expiration date * 10 1 23 | Court clerk |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (3/23) **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**Summons** (3/23)

Case No. 23-_____ -CZ

| PROOF OF SERVICE |
| --- |

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

| CERTIFICATE OF SERVICE / NONSERVICE |
| --- |

☐ I served ☐ personally ☐ by registered or certified mail, return receipt requested, and delivery restricted to the addressee (copy of return receipt attached) a copy of the summons and complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
| --- | --- |
| | |

Place or address of service

Attachments (if any)

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
| --- | --- | --- | --- | --- |
| Incorrect address fee $ | Miles traveled | Fee $ | **TOTAL FEE** $ | Name (type or print) |

| ACKNOWLEDGMENT OF SERVICE |
| --- |

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____ .
Attachments (if any)                                                                      Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF ALLEGAN

GRI-MOLINE, LLC, a Michigan limited
liability company,

        Plaintiff,

v

LEIGHTON TOWNSHIP,
a Michigan municipal corporation,

        Defendant.

Case No. 2#- 2 3  6 7 5 1 9CZ

Hon. ROBERTS KENGIS  P-47062

---

Emily Palacios (P64941)
James A. Buster (P81186)
MILLER JOHNSON
*Attorneys for Plaintiff*
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI 49503
616.831.1700
palaciose@millerjohnson.com
busterj@millerjohnson.com

---

## COMPLAINT

There is no other pending or resolved civil action
arising out of the transaction or occurrence alleged
in the Complaint. MCR 2.113(C)(2)(a).

Plaintiff, GRI-Moline, LLC, for its complaint against Leighton Township, states as

follows:

## PARTIES AND JURISDICTION

1.    Plaintiff, GRI-Moline, LLC, is a Michigan limited liability company.

2.    Defendant, Leighton Township, is a Michigan municipal corporation whose

township offices are located at 4451 12th Street, Suite A, Wayland, Michigan 49348.

3.     This action arises out of Plaintiff's proposal to rezone property located in Leighton Township.

4.     This Court has jurisdiction under the Constitution and laws of the State of Michigan, and the matter in controversy exceeds the sum or value of $25,000, exclusive of interests and costs. Jurisdiction is further invoked pursuant to MCR 2.305 and 3.310, because this is a suit for injunctive relief and a declaratory judgment.

5.     Venue is proper in this Court because the Defendant is a municipal corporation situated in Allegan County and because the property at issue in this land use dispute is located in Allegan County.

## GENERAL ALLEGATIONS

### A.     The Property and Surrounding Zoning Pattern and Land Uses

6.     The property at issue in this dispute consists of approximately 57 acres of undeveloped land located in Leighton Township, Allegan County, commonly known as 4501 Division Avenue, Wayland, Michigan, Permanent Parcel No. 03-13-007-004-00 (the "Property"), that is owned by Plaintiff.

7.     Figure 1, below, is an excerpt of the Official Zoning Map of Leighton Township, as amended through June 13, 2019, showing the parcels and zoning pattern in the northwest quadrant of the Township. The Property is encircled in red. A true and complete copy of the Official Zoning Map is attached as **Exhibit 1** and a true and complete copy of the Leighton Township Zoning Ordinance, Adopted January, 2010, as amended through June 13, 2019, is attached as **Exhibit 2**.

FIGURE 1



8.      As shown in Figure 1, above, the Property is located on the east side

Division Avenue. Per the Official Zoning Map, the Property is zoned AG, Agricultural District

("AG District").

9. The north side of the Property abuts land zoned O/I, Office/Industrial District ("O/I District") and land zoned AG District. The land zoned I/O District is undeveloped. The land zoned AG District is occupied by a 70,000 square foot commercial greenhouse.

10. Further north of the Property, on the other side of 146th Street, the Official Zoning Map identifies three small parcels zoned as AG District. These three parcels are occupied by single family homes.

11. The remaining land abutting the east side of Division Avenue between 146th Street and 147th Street is zoned either C-2, General Commercial District ("C-2 District"), or O/I District, and the land abutting the east side of Division Avenue north of 147th Street is zoned I-11, Industrial District.

12. Land immediately west of the Property and across Division Avenue is located in Dorr Township and outside of the planning and zoning jurisdiction of Leighton Township. Cherry Valley Excavating, US Logistics Solutions, LHM Tank, Inc., and AAA/Tru-Line Poured walls are examples of businesses located on the west side of Division Avenue in Dorr Township.

13. Directly south of the Property are two parcels zoned as R-3, Medium Density Residential District ("R-3 District"), and three parcels zoned as C-1, Neighborhood Business District ("C-1 District"). The land zoned R-3 District is occupied by a dwelling. One of the parcels zoned C-1 District parcels is occupied by a dwelling with accessory structures, while the other two parcels are vacant and contain no structures

14. Numerous parcels to the southwest of the Property, south of Division Avenue, east of 12th Street, and north of 144th Street, are zoned as R-3, Medium Density Residential Districts, while one parcel is zoned as a C-1, Neighborhood Business District. The R-

4

3, Medium Density Residential   tricts contain what appear to be   gle-family dwellings that abut 12th Street and 144th Street, as well as the Leighton Township Library. The C-1, Neighborhood Business District contains a Dollar General and "Showroom Auto Sales."

15.     One of Leighton Township's two fire stations is located approximately ½ mile southeast of the Property on the southwest corner of Division Avenue and 144th Street.

**B.     The Township Master Plan**

16.     In 2020, the Township updated its 2005 Master Plan, leading to the Township's adoption of the 2020 Master Plan. **Exhibit 3** is a true and correct copy of the 2020 Master Plan.

17.     The 2020 Master Plan was developed with the assistance of Williams & Works, a professional engineering and planning consulting firm.

18.     The 2020 Master Plan designates the unincorporated village of Moline as the "town center" and intended anchor for economic growth in the Township.

19.     The 2020 Master Plan further identifies Moline and its surrounding area as planning subarea dubbed "Area A" based on "similarities with regards to land use and development patterns" within the area. **Exhibit 3**, 2020 Master Plan at p. 60.

20.     Figure 2 is an excerpt of "Map 9 Character Areas" of the 2020 Master Plan; the Property is located at the northern apex of Area A. A true and complete copy of this Map 9 is attached as **Exhibit 4**.

**FIGURE 2**





**MAP 9. CHARACTER AREAS**

L E G E N D

- Area A
- Area B
- Area C
- Area D
- Area E
- Area F
- Commercial Nodes

21.     The 2020 Master Plan describes Area A as follows:

Lands around the Moline community are characterized by a variety of uses, including industrial, commercial, single-family and multiple-family residential, manufactured housing, and public uses, including a park and a library. Moline shares a border with Dorr Township and is an unincorporated village. The community is characterized by an aging housing stock with shallow setbacks and an engaging village environment.

Moline has an opportunity to accommodate more intense uses to compliment [sic] the existing village atmosphere and to define and enhance its character. The physical layout of the community, its location, market demand, and the development sector, all coupled with visionary and proactive development policies established by the Township, could re-establish this community as a regional service area. In addition, the Moline area has potential to accommodate affordable housing while increasing quality of life for residents through nearby service uses and parkland.

6

22.     Per the 2020 Master Plan, Area A's aging housing stock and lack of affordable housing are critical issues needing attention. Specifically, the Planning Commission determined that the relatively low number of rental housing units in the Township reflects a lack of diversity in opportunity and that this "lack of affordable and short-term rental dwellings may make living in the Township difficult for some young professionals and elderly citizens. **Exhibit 3**, 2020 Master Plan at p. 33.

23.     To remedy these housing deficiencies, the 2020 Master Plan identifies "strategic areas (i.e., where dense residential development already exists and where utilities are available)" to meet the housing needs of the region while still placing a priority on preserving farmland. **Exhibit 3**, 2020 Master Plan at p. 39.

24.     The strategic areas identified for rental and affordable housing development are identified in orange on the Future Land Use Plan Map, which denotes a future land use designation of Multi-Family Residential. Figure 3 is an excerpt of the Future Land Use Plan Map; a true and complete copy of the Future Land Use Map, 2020 Master Plan Map 10, is attached as **Exhibit 5**.

FIGURE 3



25. Per Chapter 8, Goals and Objectives, of the 2020 Master Plan, parcels designated Multi-Family Residential "will consist primarily of apartment homes, senior living facilities, and attached condominiums" and "are intended to provide affordable and high-quality housing for young families, the elderly, and young professionals." **Exhibit 3**, 2020 Master Plan at p. 71.

26.     The 2020 Master Plan also contemplates "limit"" "small-scale neighborhood commercial uses, similar in form with those of the Town Centers … in this area" that "blend with the Moline Town Center area." **Exhibit 3**, Master Plan at p. 71.

27.     Only three locations in Leighton Township are identified for future multi-family residential development:

a.     The area encircled in red and denoted with a "1" is Hunter's Glen, an existing manufactured home living community;

b.     The area encircled in red and denoted with a "2" is farmland located east of Division Avenue; and

c.     The area encircled in red and denoted with a "3" is the Property.

28.     The Property is one of two undeveloped parcels strategically identified by the Master Plan for needed multi-family housing.

29.     The 2005 Master Plan also designated the Property for future multi-family development.

30.     The Future Land Use Map does not designate any land north of 142nd Street for future Agricultural use. The Property—and all the land that surrounds it—is master planned to transition to non-agricultural uses to provide for economic growth and expanded affordable and rental housing.

C.     **Plaintiff's Plan for the Property**

31.     In October, 2022, Plaintiff submitted a petition under Section 28-1 of the Zoning Ordinance to rezone the Property from AG District to O/I District and R-3 District.

32.     Plaintiff proposed rezoning the northwestern portion of the Property to O/I District, the same zoning as the parcel immediately to the north, and remainder of the Property to R-3, the same zoning as property immediately to the south.

33. Plaintiff proposed to develop the O/I portion of the Property for self-storage and commercial buildings, and the R-3 portion for townhomes and apartments. **Exhibit 6**, Plaintiff's Development Plan.

34. Plaintiff's R-3 District rezoning request is consistent with the 2020 Master Plan's "Multiple-Family Residential" designation for the Property.

35. Plaintiff's O/I District rezoning request is consistent with the zoning of the abutting property land existing land uses to the north.

36. Plaintiff's proposed use and development of the Property is beneficial to the Township and its residents and is consistent with, and furthers the goals of, the Master Plan.

**D.**     **The Township Denied Plaintiff's Rezoning Request**

37. On February 8, 2023, after conducting a public hearing with limited public comment, the Planning Commission voted to recommend that the Township Board deny Plaintiff's rezoning petition. *See* **Exhibit 7**, Minutes of Leighton Township Planning Commission.

38. On March 8, 2023, the Planning Commission adopted a resolution recommending denial of the rezoning petition. *See* **Exhibit 8**, the Planning Commission Resolution.

39. The Planning Commission recommended denying Plaintiff's R-3 rezoning request even though the request is consistent with the 2020 Master Plan Multiple-Family future land use designation for the Property, a designation that had been in place since the 2005 Master Plan.

40. The Planning Commission recommended denying Plaintiff's O/I rezoning request even though the request aligns with the goals and vision of the 2020 Master Plan and is adjacent to land planned for light industrial use and zone O/I District.

41.     The Planr Commission's recommendation the Township Board was irrational, arbitrary, and capricious.

42.     The reasons for denying the rezoning of the Property are not supported by the 2020 Master Plan.

43.     The 2020 Master Plan does not identify any deficiencies in public services, including fire service or sewer service, that would impact implementation of its future land use recommendations.

44.     The Township has not enacted a development moratorium, but has instead approved at least 11 new residential and commercial developments.

45.     On May 11, 2023, the Township Board adopted the Planning Commission's recommendation to deny Plaintiff's rezoning petition. *See* **Exhibit 9**, Township Board Minutes adopting the Planning Commission's Recommendation to Deny Plaintiff's Rezoning Petition.

46.     The Township Board's denial of the rezoning petition was irrational, arbitrary, and capricious because it was contrary to the recommendation, policies and objectives of the 2020 Master Plan and relied on reasons not supported by the 2020 Master Plan.

## COUNT I

### Declaratory Relief & Violation of the Michigan Zoning Enabling Act

47.     Plaintiff incorporates by reference all prior as if fully set forth herein.

48.     In acting on the rezoning application, the Township was subject to the duties, limitations, liabilities, and restrictions imposed by law, including but not limited to, Michigan's Zoning Enabling Act, MCL 125.3101 et seq ("MZEA").

49.     The MZEA, specifically MCL 125.3203(1), mandates that zoning ordinances be adopted, applied, and amended based upon and in conformance with a municipality's master plan.

11

50. For the reasons described above, among other, the Township's denial of Plaintiff's rezoning request was contrary to the 2020 Master Plan, in violation of the Michigan law, and otherwise without basis, and is an unreasonable, arbitrary, and capricious exercise of the police power and an exclusion of legitimate land uses of the Property.

51. Indeed, maintaining the Property's current AG District zoning is unreasonable, arbitrary, capricious and exclusionary, and does not reasonably advance the express objectives of the 2020 Master Plan or thwarts the Township's acknowledged need for multiple-family residential development in this location.

## COUNT II

### Violation of Due Process of Law

52. Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

53. Plaintiff had a reasonable expectation that the Property could be used for some economically viable purpose, and particularly a purpose consistent and compatible with sound planning principles and neighboring land uses and due process requirements.

54. Plaintiff's proposed rezoning of the Property to R-3 District and O/I District will allow for a reasonable use of the Property under the facts and circumstances here, including that it is consistent with the goals and objectives of the Master Plan, and is entirely consistent with nearby planned and existing land uses and past and continuing development trends and market demand.

55. The Township's denial of the R-3 District and O/I District rezoning constitutes an arbitrary, capricious and unreasonable use of the police power granted to the Township, and an arbitrary, capricious and unfounded exclusion of legitimate land use from the area in question.

12

56.   The reason that the Township Board relied on in denying the rezoning are not supported by the 2020 Master Plan and do not justify its refusal to rezone the Property as requested by Plaintiff.

57.   To the contrary, the proposed rezoning is fully consistent with the goals and objectives of the Township with respect to future development in Area A of the Master Plan and the need for multi-family housing in the Township.

58.   Under these circumstances, the Township's denial of Plaintiff's rezoning application has denied Plaintiff procedural and substantive due process under the Fourteenth Amendment to the United States Constitution, as well as the Michigan Constitution.

## COUNT III

### Unconstitutional Taking Without Just Compensation

59.   Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

60.   The rejection of the rezoning request was arbitrary, capricious, and an unfounded exclusion of legitimate land uses.

61.   The rejection of the rezoning request was and is specifically intended to prevent or delay development and constitutes an improper use of zoning powers to pressure Plaintiff to fund public service improvements that are the responsibility of the Township (regardless of Plaintiff's use of the Property).

62.   It is not economically feasible or reasonable to develop or use the Property under the present agricultural zoning classification, either for agricultural uses or large-lot residential and such a development would be inconsistent with the Master Plan and cause the Property to be the only AG zoned property for miles that is surrounded by more dense uses, such

as office/industrial and commerc     developments to the north and \     of the Property and town

center development to the direct south of the Property.

63.     The Township's refusal to rezone the Property constitutes an unlawful

taking without just compensation under the Fifth Amendment to the United States Constitution

and under the Michigan Constitution.

64.     The taking of Property without just compensation or due process has caused

Plaintiff to incur irreparable injury and threatens Plaintiff with future irreparable injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A.     That the Court determine, declare and adjudge that, as a result of the

Township's actions, Plaintiff has been denied any reasonable, economically viable use of the

Property;

B.     That the Court determine, declare and adjudge that the Township's refusal

to rezone the Property constitutes arbitrary, capricious and unreasonable exclusions of legitimate

land uses that bears no reasonable relationship to legitimate governmental objectives;

C.     That the Court determine, declare and adjudge that the Township's actions

constitute a violation of state and local laws, ordinances and practices and a violation of Plaintiff's

constitutional rights;

D.     That the Court issue an injunction preventing the Township from interfering

with Plaintiff's proposed reasonable use of the Property in a manner consistent with the

preliminary plan, subject to Plaintiff complying with Township final site planning and other

applicable ordinance requirements; and

E.     That the Court award Plaintiff its costs, interest and attorneys' fees, under

42 U.S.C. § 1988, and such further or different relief as may be deemed just or appropriate.

14

MILLER JOHNSON
*Attorneys for Plaintiff*

Dated:  June 30, 2023                    By _____

Emily Palacios (P64941)
James A. Buster (P81186)
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI 49503
Telephone: 616.831.1700
palaciose@millerjohnson.com
busterj@millerjohnson.com

15